■ THOMAS ELIOPOULOS, Appellant, v LYNN MILLER et al., Respondents. [686 NYS2d 910] —Graffeo, J. Appeal from that

part of an order of the Supreme Court (Dier, J.), entered June 18, 1998 in Washington County, which denied plaintiff's motion for summary judgment.

Since 1981, plaintiff has been the owner of a 385-acre tract of land, located in the Town of Putnam, Washington County, bordering on Lake George. The tract was part of a preexisting subdivision, known as Glenburnie, which, at the time plaintiff acquired title, still included approximately 60 lots available for resale. Some of the lots that comprised the subdivision had already been conveyed prior to plaintiff's taking title to the balance of the property. Defendants are the owners of two such subdivision lots, designated as Lot 1 and Lot 2, Block M, to which they took title in 1970.

Plaintiff became concerned in 1991 when defendants installed a locked chain-link barricade across a road located in the subdivision, known as Lake George Avenue, blocking access to a 93-foot stretch of the road which abutted defendants' property and that of a third party. In order to protect his ownership interest in the subdivision's roads and to avoid violation of certain Adirondack Park Agency rules, plaintiff commenced this action seeking a judgment enjoining defendants from blocking the road and declaring that they have no claim of ownership of any kind in the roadbed. Plaintiff also sought $50,000 in compensatory damages plus costs. His subsequent motion for summary judgment was denied by Supreme Court on the ground that triable issues of fact exist regarding the ownership of the disputed section of Lake George Avenue. Defendants' motion for summary judgment dismissing the complaint was also denied. Pending resolution of this action, however, Supreme Court directed defendants to immediately remove their chain-link barricade.

Plaintiff appeals, contending that his title to the segment of Lake George Avenue where defendants placed their barricade is a matter of documentary record, established by the deed, recorded December 15, 1981 in the Washington County Clerk's Office, whereby the original developer conveyed to plaintiff title to, *inter alia*, the unsold lots in the subdivision as well as all subdivision "streets and avenues". Plaintiff also cites the subdivision map, filed October 3, 1910 in the Washington County Clerk's Office, which shows the road known as Lake George Avenue as part of the subdivision and not part of Lots 1 and 2, Block M, which directly abut it. By comparison, the deeds conveying title to Lots 1 and 2 to defendants do not purport to transfer title to any portion of Lake George Avenue.

We conclude that plaintiff's motion for summary judgment

should have been granted insofar as it seeks (1) a judicial declaration that defendants have no legal right to barricade Lake George Avenue, and (2) a permanent injunction against defendants' future blockade of said road. Defendants do not disagree, having notified this Court by letter that they have removed the chain across the road, will refrain from blocking it in the future and "have no opposition to the relief requested by the plaintiff" in the context of this appeal. We find, however, that issues of fact remain as to the nature and amount of plaintiff's alleged monetary damages and so much of his motion for summary judgment as demands damages in the amount of $50,000 is denied with the matter remitted for a trial on the issue of damages only.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as denied plaintiff's motion for summary judgment on his first, second and third causes of action; motion granted to that extent and matter remitted to the Supreme Court for a trial on the issue of damages; and, as so modified, affirmed.